UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CONOR DWYER REYNOLDS,

                                      Plaintiff,

- against -

CITY OF ROCHESTER, SHANI WILSON, DUWAINE BASCOE, DEBORAH CAMPBELL, DRORAH SETEL, MATTHEW NICKOLOFF, AND NATALIE BANKS (in their individual and official capacities),

                                      Defendants.

**ANSWER**

Case no: 23-cv-6506

<u>Jury Trial Demanded</u>

---

Defendants City of Rochester, Shani Wilson, Duwaine Bascoe, Deborah Campbell, Drorah Setel, and Natalie Banks (collectively "City Defendants"), by their attorneys, City of Rochester Corporation Counsel Linda S. Kingsley and Peachie L. Jones, Esq., Of Counsel, hereby answer the Plaintiff's Complaint as follows:

1. City Defendants deny paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 17, 18, 21, 22, 23, 24, 25, 26, 34, 36, 37, 38, and 41.

2. City Defendants deny paragraph 15, except admit the first sentence of the paragraph.

3. City Defendants deny paragraph 16, except admit that Defendant Wilson served as a Police Accountability Board ("PAB") Board member from January 2020 to June 2022.

4. City Defendants deny paragraph 19, except admit that Defendant Drorah Setel served as a PAB Board member.

5. City Defendants deny paragraph 20, except admit that Defendant Michael Nickoloff served as a PAB Board member.

6. City Defendants deny paragraphs 27 and 28, because the Charter speaks for itself

and therefore, deny the characterizations and allegations stated by Plaintiff.

7. City Defendants deny paragraphs 29, 30, and 31, as the Charter speaks for itself and City Defendants, therefore, deny Plaintiff's characterizations and allegations.

8. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, 33, 39, and 40.

9. City Defendants admit that Ms. Wilson knew the individuals mentioned, but deny the allegations and characterizations of those relationships as stated in paragraph 35.

10. City Defendants deny paragraph 42, except admit that Ms. Wilson worked as a physician's assistant at Trillium Healthcare at some point prior to joining the PAB Board.

11. City Defendants deny paragraphs 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, and 55.

12. City Defendants deny paragraphs 56, 58, 59, 61, 64, 65, and 66.

13. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, 60, 62, and 63.

14. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 67, 68, 69, 70, 71, and 81.

15. City Defendants deny paragraphs 72, 73, 75, 76, 77, and 78.

16. City Defendants admit paragraph 74.

17. City Defendants deny paragraphs 79, 80, 82, 83, 85, 86, 87, 88, 89, 90, and 96.

18. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 84, 91, 92, 93, 94, 95, 97, 98, and 99.

19. City Defendants deny paragraphs 100, 101, 102, 103, and 106.

20. City Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraphs 104, 105, 107, 108, 109, 111, 112, 113, 114, 116, 118, 119, 120, and 121.

21. City Defendants deny paragraphs 110, 115, 117, 122, 123, 124, 125, 126, 127, 128, and 130.

22. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 129, 131, 132, 134, 136, 138, 146, 147, 148, and 149.

23. City Defendants deny paragraphs 133, 135, 137, 139, 140, 141, 142, 143, 144, 145, 150, 151, 152, 153, 154, 155, and 161.

24. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 156, 157, 158, 159, 160, 162, 163, 164, 165, 166, 167, 168, 169, and 173.

25. City Defendants deny paragraphs 170, 171, 172, 175, 178, 180, 184, and 185.

26. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 174, 176, 177, 179, 181, 182, 183, 186, 187, 188, and 189.

27. City Defendants deny paragraph 190, 191, 192, and 193.

28. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, and 204.

29. City Defendants deny paragraph 206 as City policy speaks for itself and therefore, City Defendants deny the characterizations and allegations stated by Plaintiff.

30. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 205, 207, 208, 209, and 210.

31. City Defendants deny paragraphs 211, 212, 213, and 214.

32. City Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraphs 215 and 216.

33. City Defendants deny paragraphs 217 and 218.

34. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 219, 222, 223, 227, 228, and 231.

35. City Defendants deny paragraphs 220, 221, and 224.

36. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 225, 226, 229, 230, 232, 239, and 240.

37. City Defendants deny paragraphs 233, 234, 235, 236, 237, and 238.

38. City Defendants deny paragraphs 241 and 243.

39. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 242, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 255, 256, 257, 258, 259, 260, 261, 262, 263, 265, and 267.

40. City Defendants deny paragraphs 254, 264, 266, 268, 276, 277, 281, 282, and 283.

41. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 269, 270, 271, 272, 273, 274, 275, 278, 279, 280, 286, 287, and 288.

42. City Defendants deny paragraphs 284, 285, 289, 290, 291, and 293.

43. City Defendants deny paragraph 292 as the press released speaks for itself, and therefore, deny the allegations and characterizations stated by Plaintiff.

44. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, and 307.

45. City Defendants deny paragraphs 306, 308, 314, 325, 330, 334, 335, 337 and 340.

46. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 309, 310, 311, 312, 313, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 326, 327, 328, 329, 331, 332, 333, 336, 338, 339 and 341.

47. City Defendants deny 342, as the letter speaks for itself, and City Defendants, therefore, deny the characterizations and allegations that Plaintiff states.

48. City Defendants deny paragraphs 343, 346, 347, 349, and 355.

49. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 344, 345, 348, 350, 351, 352, 353 and 354.

50. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 356, 357, 358, 359, 360, 361, 364, 367, 370, and 378.

51. City Defendants deny paragraphs 362, 363, 366, 368, 371, 372, 374, 375, and 376.

52. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 365, 369, and 373.

53. City Defendants deny paragraphs 377, 379, 380, 381, and 383, 384, 386, and 387.

54. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 382 and 385.

55. City Defendants deny paragraphs 388, 389, 390 and 391.

56. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 392 and 394.

57. City Defendants deny paragraph 393.

58. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 395, 396 and 397.

59. City Defendants deny paragraph 398.

60. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 399, 401, 404, and 405.

61. City Defendants deny paragraphs 402 and 403.

62. City Defendants deny paragraph 406.

63. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 407, 408, 409, 410, 411, and 412.

64. City Defendants deny paragraphs 413 and 414.

65. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 415, 416, and 418.

66. City Defendants deny paragraphs 417.

67. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 419, 420, 421, 422, and 423.

68. City Defendants deny paragraphs 424, 425, 426, and 427.

69. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 428, 429, 430, 431, 432, 433, and 434.

70. City Defendants deny paragraphs 435, 436, 438, 439, 440, and 443.

71. City Defendants deny paragraph 437, as the report speaks for itself and therefore, City Defendants deny Plaintiff's allegations and characterizations.

72. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 441 and 442.

73. City Defendants deny paragraphs 444 and 445, as the referenced report speaks for itself, and Defendants deny the allegations and characterizations stated by Plaintiff.

74. City Defendants deny paragraphs 447 and 448.

75. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 449 and 450.

76. City Defendants deny paragraphs 451, 452, 453, 454, 457, and 458, 459.

77. City Defendants deny paragraphs 446 and 455, as the referenced report speaks for itself, and Defendants deny the allegations and characterizations stated by Plaintiff.

78. City Defendants deny paragraph 456, as the Charter speaks for itself, and Defendants deny the allegations and characterizations stated by Plaintiff.

79. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 460 and 461.

80. City Defendants deny paragraph 462.

81. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 463.

82. City Defendants deny paragraphs 464 and 465.

83. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 466.

84. City Defendants deny paragraph 467.

85. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 468 and 471.

86. City Defendants deny paragraphs 469, 470, 472, 473, 474, 475, 476, 477, 478 and 481.

87. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 479, 480, 482, and 483.

88. City Defendants deny paragraphs 484 and 486.

89. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 485, 487, 488, 489, 490, 491 and 492.

90. As to paragraph 493, the Charter speaks for itself, and therefore, City Defendants deny Plaintiff's characterizations and allegations.

91. City Defendants deny paragraphs 494, 500, 502, 504, and 506.

92. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 495, 496, 497, 498, 499, 501, 503 and 505.

93. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 507, 508, 509, 510 and 511.

94. City Defendants deny paragraph 512.

95. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 513, 514, 515 and 516.

96. City Defendants deny paragraphs 517 and 519.

97. Regarding paragraphs 518, 523, 528, 533, and 538, City Defendants restate their original response to each repeated and re-alleged allegation.

98. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 520, 521, and 591.

99. City Defendants deny paragraphs 522, 524, 525, 526, 527, 529, 530, 531, 532, 534, 535, 536, 537, 539, 540, 541, 542, 544, 545, 546, 547, 549, 550, 551, 552, 554, 555, 556, 558, 559, 560, 561, 562, 563, 564, 566, 567, 568, 569, 570, 571, 572, 574, 575, 576, 577, 578, 579, 580, 581, 583 584, 585, 586, 587, 588, and 589.

100. Regarding paragraphs 543, 548, 553, 557, 565, 573, 582, 590, and 598, City Defendants restate their original response to each repeated and re-alleged allegation.

101. City Defendants deny paragraphs 592, 593, 594, 595, 596, 597, 600, 601, 602, 603, 604, 605, 607, 608, 609, 610, 611, 612 and 613.

102. City Defendants deny paragraph 599 as the Charter speaks for itself. Defendants further deny the allegations and characterizations as stated by Plaintiff.

103. Regarding paragraphs 606 and 618, City Defendants restate their original response to each repeated and re-alleged allegation.

104. City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 614.

105. City Defendants deny paragraphs 615, 616, 617, 619, 620, 621 and 622.

106. City Defendants deny any other allegation not specifically admitted herein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:**

107. The statements that form the basis of Plaintiff Reynolds' defamation claims were true.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:**

108. Plaintiff Conor Dwyer Reynolds is/was a public figure.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:**

109. The statements that form the basis of Plaintiff Reynolds' defamation claims were opinion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:**

110. The statements that form the basis of Plaintiff Reynolds' defamation claims fall under the single instance exception to defamation.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:**

111. Plaintiff's defamation claims fail, as any and all statements were made in good faith

belief of their truth and accuracy and without malice.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:

112. Plaintiff did not establish a prima facie case of unlawful discrimination.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:

113. City Defendants had legitimate, non-discriminatory reasons for their actions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:

114. Plaintiff did not establish a prima facie case of any retaliation.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:

115. The City of Rochester has a clear and unambiguous policy against discrimination and harassment. As Executive Director of the PAB, Plaintiff Reynolds had an affirmative obligation to prohibit, prevent, and report any instances of a violation of such policy. Plaintiff's failure to report the alleged behavior for over a year and a half bars him under the principles of equitable estoppel from proceeding with the claim.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:

116. The City of Rochester has a clear and unambiguous policy against discrimination and harassment. As Executive Director of the PAB, Plaintiff had an affirmative obligation to prohibit, prevent, and report any instances of a violation of such policy. Plaintiff's failure to report the alleged behavior for over a year and a half demonstrates dereliction of duties and was in and of itself the proximate cause of the alleged harassment.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:

117. Given the Plaintiff's position, knowledge, and acceptance of the alleged behavior without following the City procedures concerning reporting unwanted sexual harassment, any and

all actions of the City Defendants were not unwanted and were accepted and encouraged by the Plaintiff's own behavior.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:**

118. Plaintiff failed to satisfy statutory preconditions to suit.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:**

119. Defendant City of Rochester exercised reasonable care to prevent and promptly correct harassment by supervisors, and Plaintiff Reynolds unreasonably failed to avail himself of the corrective or preventative opportunities provided by the City of Rochester or to avoid harm.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:**

120. Defendant City of Rochester did not encourage, condone, or approve any alleged unlawful discrimination.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:**

121. Plaintiff Reynolds was not treated differently than other similarly-situated individuals.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:**

122. The conduct giving rise to the alleged hostile work environment was not subjectively and objectively offensive, hostile, or abusive and did not rise to the level of pervasive or severe.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE,
CITY DEFENDANTS STATE:**

123. Defendants City of Rochester, Duwaine Bascoe, Deborah Campbell, Drorah Setel, and Natalie Banks had no direct or personal involvement in the allegedly unconstitutional and discriminatory circumstances or otherwise creating them.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE,
CITY DEFENDANTS STATE:**

124. Individual Defendants are entitled to qualified immunity.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE,
CITY DEFENDANTS STATE:**

125. Individual Defendants are entitled to absolute or qualified privilege for any and all statements made in the course of their duties and responsibilities of their position.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE,
CITY DEFENDANTS STATE:**

126. The acts or omissions of the City Defendants were not the proximate cause of Plaintiff's alleged injuries or damages.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE,
CITY DEFENDANTS STATE:**

127. Plaintiff failed to mitigate his damages.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE,
CITY DEFENDANTS STATE:**

128. Plaintiff failed to state a claim upon which relief may be granted.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE,
CITY DEFENDANTS STATE:**

129. Plaintiff failed to state a cause of action cognizable under § 1983.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:

130. The Executive Director serves at the discretion of the Board and Plaintiff's termination was a result of the good faith exercise of that discretion and judgment.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:

131. As the Executive Director serves at the discretion of the Board and with consent of City Council, plaintiff has no cognizable property interest in the position.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:

132. The Court lacks jurisdiction.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE, CITY DEFENDANTS STATE:

133. Some or all of Plaintiff's claims may be barred by the statute of limitations.

**WHEREFORE**, City Defendants demand judgment dismissing the Complaint, or trial by jury if the Complaint is not dismissed, together with the costs and disbursements of this action, and such other and further relief which the Court deems just and proper.

Date:   November 13, 2023

LINDA S. KINGSLEY
CORPORATION COUNSEL

_/s/ Peachie L. Jones_
Peachie L. Jones, Of Counsel
30 Church St., Room 400A
Rochester, NY 14614
(585) 428-7992
Peachie.Jones@CityofRochester.gov

To:   The parties via ECF