UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CONOR DWYER REYNOLDS,

                Plaintiff,

v.

CITY OF ROCHESTER, *et al.*,

                Defendants

**ORDER**

6:23-cv-06506 FPG CDH

---

Currently pending before the Court are two motions pursuant to Federal Rule of Civil Procedure 45 to quash non-party subpoenas served on Yale University ("Yale") and Cornell University ("Cornell"). (Dkt. 50; Dkt. 62). The motions have been fully briefed, and oral argument was held before the Court on January 31, 2025. (*See* Dkt. 73). In subsequent research, however, the Court has encountered case law indicating that it may lack the ability to grant the requested relief.

Specifically, Rule 45(d)(3) limits the power to quash or modify a subpoena to "the court for the district where compliance is required." Most courts in the Second Circuit follow the view that "compliance" occurs in the district where the non-party is located. *See Cleary v. Kaleida Health*, No. 1:22-CV-00026(LJV)(JJM), 2024 WL 1297708, at *3 (W.D.N.Y. Mar. 27, 2024) (collecting cases). For Yale and Cornell, this is the District of Connecticut and the Northern District of New York, respectively.

Most courts in the Second Circuit also appear to follow the view that if they do not sit in the district where compliance is required, then they lack the power to resolve a Rule 45 motion, and the motion must be denied. *See, e.g.*, *Zou v. Han*, No.

23-CV-02370 (JMA) (JMW), 2024 WL 3328589, at *7 (E.D.N.Y. July 8, 2024); *Greater Chautauqua Fed. Credit Union v. Quattrone*, No. 1:22-CV-2753 (MKV), 2024 WL 497521, at *1 (S.D.N.Y. Jan. 3, 2024); *In re Smerling Litig.*, No. 21 CIV. 2552 (JPC), 2022 WL 684148, at *2 (S.D.N.Y. Mar. 8, 2022). In *Zou*, the court specifically denied a Rule 45 motion despite the parties' affirmative consent to its jurisdiction over the motion. 2024 WL 3328589, at *7.

While the parties did not raise this issue in their original briefing, the Court cannot resolve the pending motions to quash without giving it appropriate consideration. Accordingly, the Court hereby orders the parties to submit briefing addressing whether this Court has the power to resolve these motions to quash, or whether the motions should be denied without prejudice to refiling in the districts where compliance is required.[1] The parties' supplemental briefs are due within 14 days of the issuance of this Order, and shall be no longer than 10 pages.

**SO ORDERED**.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: March 19, 2025
     Rochester, New York

---

[1] Under Rule 45(f), the court where compliance is required may transfer a Rule 45 motion to this Court if the person subject to the subpoena consents or the if the court finds exceptional circumstances.